UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Maurice Wigfall,  #258402, | ) | C/A No.  8:13-383-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a state inmate housed at Allendale Correctional Institution, proceeding pro se, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening.  Having reviewed the Complaint and applicable law, the undersigned recommends that the Complaint be summarily dismissed.

## **BACKGROUND**

Plaintiff is currently serving a twenty-seven year sentence for voluntary manslaughter that was imposed after a May 1999 trial.  *See Wigfall v. Burtt*, No. 2:06-CV-1750-HFF-RSC, 2006 WL 3832795 (D.S.C. Dec. 28, 2006).[1]  In the instant complaint, Plaintiff contends that there were irregularities in the conduct of his criminal trial. He now seeks from this Court a "new trial, time served or time cut consideration [sic]." [Doc. 1 at 5.]

---

[1] The court may take judicial notice of its own records. *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (last alteration in original).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).

Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State had caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and that "the party charged with the deprivation

must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

## DISCUSSION

Plaintiff filed this case on the state prisoner complaint form, which is used for § 1983 cases. [Doc. 1.] However, because Plaintiff seeks to challenge his conviction or sentence, the appropriate vehicle is a petition for writ of habeas corpus, not a civil rights action under § 1983. *See Nelson v. Campbell,* 541 U.S. 637, 641 (2004) ("Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." (citations omitted)). The primary means of attacking the validity of a state conviction and sentence is through a petition pursuant to 28 U.S.C. § 2254, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a sentence. *See Clemmons v. South Carolina*, No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008) ("Unlike petitions brought under § 2254, which challenge the validity of a state court

4

conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers."). *But see Freeman v. Pate*, 9:11-cv-01421-DCN-BM, 2011 WL 3420451, at *2 n.3 (D.S.C. July 19, 2011). Accordingly, the complaint should be dismissed because the relief Plaintiff seeks is available only through a habeas corpus petition pursuant to § 2254.

Plaintiff has previously filed a habeas corpus petition in this Court. *See Wigfall*, 2006 WL 3832795.[2] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner seeking to file a successive § 2254 petition must first obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *id.* § 2254. As such, the Court cannot consider a second or successive § 2254 petition unless Petitioner first obtains a Pre-Filing Authorization from the Fourth Circuit. Accordingly, even if the Court were to construe the complaint in this case as a petition under § 2254, the petition should be dismissed as premature, as Plaintiff does not have permission from the Fourth Circuit to file a successive § 2254 petition.

---

[2] After his state court conviction, Plaintiff filed a state court appeal, which the Supreme Court of South Carolina denied. *See Wigfall*, 2006 WL 3832795, at *2. He next filed an application for post-conviction relief ("PCR"), which, although granted by the PCR judge, was denied on appeal by the state Supreme Court. *See id.* In 2006, Plaintiff filed a petition for writ of habeas corpus with this Court and, upon its denial, an appeal with the Fourth Circuit Court of Appeals. *See Wigfall v. Burtt*, 231 F. App'x 257 (4th Cir. 2007). The Court of Appeals dismissed Plaintiff's appeal. *See id.*

## **RECOMMENDATION**

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

March 1, 2013                                    s/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina  29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).